UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LAW OFFICES OF JAMES R. RADMORE, P.C.
BY: JAMES R. RADMORE, ESQUIRE
1913 Greentree Road                  ATTORNEY FOR PLAINTIFF
Cherry Hill, NJ 08003
856-424-4434

_____

| | |
|---|---|
| **DANIEL DONNELLY** | : CIVIL ACTION NO. 10-3240 |
|       **Plaintiff** | : |
|   v. | : |
| | : |
| **DANIEL GUERRIERO, ELENOR GUERRIERO,** | : |
| **STEVE RUFFO, individually and d/b/a DES** | : |
| **TITLE AGENCY, INC., DEFAULT EXPRESS** | : |
| **SERVICES, INC, JOSEPH SEMPTIMPHELTER** | : |
| **individually and d/b/a JTS ASSET GROUP,** | : |
| **SHARON SUMMERS KELLER, individually** | : |
| **and d/b/a MID-ATLANTIC CAPITAL,** | : |
| **SAMANTHA ASSOCIATES, INC., RICHARD** | : |
| **W. HOY ASSOCIATES, P.C. BANK OF** | : |
| **AMERICA, N.A. and JOHN DOE I** | : |
|       **Defendants** | : |
|   v. | : |
| | : |
| **SAMANTHA DONNELLY** | : |
|       **Third-Party Defendant** | : |
| | : |
|   **and** | : |
| | : |
| **MID-ATLANTIC CAPITAL, LLC** | : |
|       **Third-Party Defendant** | : |

_____

**ANSWER AND THIRD PARTY COMPLAINT OF DEFENDANT**
**SHARON SUMMERS KELLER, individually and d/b/a MID-ATLANTIC CAPITAL**

1. No answer required.

2. No answer required.

3. Denied as a conclusion of law to which no answer is required.

4. Denied as a conclusion of law to which no answer is required.

5.  Admitted.

6.  Denied.  Strict proof thereof, if material is demanded at time of trial.

7.  Denied.  Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

8.  Denied.  Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

9.  Denied.  Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

10.  Denied.  Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

11.  Denied.  Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

12.  Denied.  Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

13.  Denied.  Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

14.  Denied.  Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

15.  Denied.  Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

16.  Admitted that said defendant was, at one time, an employee of Mid-Atlantic Capital.  Any other relationship other than employee of said Mid-Atlantic Capital is denied.

17. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

18. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

19. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to answering defendant.

20. No answer required.

21. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

22. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

23. Denied. Any liability to plaintiff by answering defendant is specifically denied.

24. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

25. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

26. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

27. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

28 Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth

of the allegations set forth herein.

29. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

30. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

31. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

32. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

33. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

34. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

35. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

36. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

37. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

38. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

39. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

**The following paragraphs are misnumbered in the Amended Complaint. For simplicity, Answering Defendant will use the numbering from said Amended Complaint.**

33. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

34. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

35. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

36. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

37. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

38. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

39. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

40. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

41. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

42. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

43. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth

of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

    44. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

    45. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

    46. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

    47. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

    48. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

    49. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

    50. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged

conduct on the part of answering defendant.

51. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

52. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

53. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

## COUNT I - COMMON LAW FRAUD/ VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

54. No answer required.

55. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

56. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

57. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

58. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged

conduct on the part of answering defendant.

59. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

60. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegation does not relate to any alleged conduct on the part of answering defendant.

61. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

62. Denied as a conclusion of law to which no answer is required.

### COUNT II - CONSPIRACY AND AIDING/ABETTING

63. No answer required.

64. Denied. Defendant specifically denies she acted conspiratorially or individually and denies any wrongful action whatsoever.

65. Denied. Defendant specifically denies she acted conspiratorially or individually and denies any wrongful action whatsoever.

66. (a-d and f-h). Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein. By way of further answer, said allegations do not relate to any alleged conduct on the part of answering defendant.

66 (e). Denied. Answering defendant denies any wrongful or improper conduct on her part with respect to any actions taken as a notary.

67. Denied. Answering defendant denies any wrongful acts or knowledge of wrongful acts on

her part.

68. Denied. Answering defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth herein.

### COUNT III - PROFESSIONAL NEGLIGENCE

69-72. The claims in this Count are not alleged against Answering Defendant and no answer is required.

### COUNT IV - EQUITABLE RELIEF

73-75. The claims in this Count are not alleged against Answering Defendant and no answer is required.

### COUNT V - TRUTH IN LENDING ACT

76-81. The claims in this Count are not alleged against Answering Defendant and no answer is required.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Answering Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for common law fraud against Answering Defendant upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for violation of the New Jersey Consumer Fraud Act against Answering Defendant upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for conspiracy and aiding/abetting against Answering Defendant upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant specifically denies any fraudulent conduct on her part.

### SIXTH AFFIRMATIVE DEFENSE

At all times relevant, Answering Defendant was an employee of Mid-Atlantic Capital

### SEVENTH AFFIRMATIVE DEFENSE

At no time did Answering Defendant have any ownership interest or control of Mid-Atlantic Capital.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant never did business as Mid-Atlantic Capital and was at all times an employee of said entity.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered damages or loss as a result of any acts or alleged acts of Answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

Any alleged loss or damage suffered by plaintiff was the result of the actions and inactions of others and not caused by the actions or inaction of Answering Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable Statute of Limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Any alleged loss or damage suffered by plaintiff was the result of his own negligence, action or

inaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

The within matter should be dismissed with prejudice as this Court lacks subject matter jurisdiction.

### CROSS-CLAIM

Should it be determined that plaintiff sustained damages as alleged in the Complaint and Answering Defendant is found to have any liability to plaintiff, Answering Defendant is entitled to indemnification and/or contribution against all defendants for all or part of any judgment entered in favor of plaintiff against Answering Defendant.

### THIRD PARTY COMPLAINT VS. SAMANTHA DONNELLY

1. Defendant, Sharon Summers Keller, incorporates by reference and re-alleges her Answer and Affirmative Defenses as fully as though same were herein set forth at length.

2. The Complaint herein sets forth a series of allegations of conduct against Third-Party Defendant, Samantha Donnelly, which if true were designed to deceive and defraud plaintiff.

3. The conduct of said Third-Party Defendant was also designed to deceive and defraud defendants including Answering Defendant.

4. Third-Party defendant aided and abetted the defendants and defendants relied on the assertions and representations of Third-Party Defendant.

5. If plaintiff is able to prove his allegations, then he was deceived and his damages were caused by the actions of Third-Party Defendant which were allegedly done without his knowledge or consent.

6. If plaintiff is able to prove his allegations against Third-Party Defendant, Answering Defendant

seeks to recover for damages she has incurred as a result of said improper conduct.

## THIRD PARTY COMPLAINT VS. MID-ATLANTIC CAPITAL

7. Defendant, Sharon Summers Keller, incorporates by reference and re-alleges her Answer, Affirmative Defenses and Third-Party Complaint as fully as though same were herein set forth at length.

8. Third-party defendant, Mid-Atlantic Capital, LLC is a New Jersey limited liability corporation with its principal place of business at 317A Delsea Drive, Sewell, NJ 08080

9. At all times relevant, said defendant was an employee of Third-Party Defendant, Mid-Atlantic Capital.

10. Paragraph 16 of plaintiff's Complaint specifically alleged said defendant was an employee of Mid-Atlantic Capital.

11. In Count I of the Complaint, defendant, Summers Keller, is apparently alleged to have committed acts in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 et seq.

12. In Count II, said defendant is alleged to have participated in a conspiracy against plaintiff.

13. Defendant, Summers-Keller, specifically denies all allegations against her or that she committed any improper acts with regard to this transaction. Should any actions of said defendant be found to create any liability to plaintiff, all such actions were done in her capacity as an employee of Third-Party Defendant, Mid-Atlantic Capital.

14. Any and all actions taken by defendant, Summers-Keller were taken at the express direction of her employer, third-party defendant, Mid-Atlantic Capital.

15. If plaintiff is able to prove his allegations, then any damages to which he might be entitled to as a result of any actions of defendant were done at the express direction of her employer, third-party defendant, Mid-Atlantic Capital.

16. If plaintiff is able to prove his allegations Answering Defendant seeks to recover for damages she has incurred as a result of said improper conduct on the part of third-party defendant, Mid-Atlantic Capital.

WHEREFORE, Answering Defendant, Sharon Summers Keller prays this Court:

a) Enter judgment in her favor;

b) Dismiss the Complaint in its entirety;

c) Enter Judgment in her favor on the Cross-Claim; and

d) Enter judgment in her favor on the Third-Party Complaint against Third-Party Defendant, Samantha Donnelly.

e) Enter judgment in her favor on the Third-Party Complaint against Third-Party Defendant, Mid-Atlantic Capital, LLC.

                    LAW OFFICE OF JAMES R. RADMORE, P.C.

                    /s/James R. Radmore
.                    JAMES R. RADMORE, ESQUIRE
                    Attorney for defendant, Sharon Summers Keller
                    Two Penn Center, Suite 312
                    1500 JFK Boulevard
                    Philadelphia, PA   19102
                    215 568 9900
                    jrr@radmore.net
                    msh@radmore.net