IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DANIEL DONNELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CIVIL ACTION NO: 1:10-cv-03240 |
| ) | |
| STEVEN RUFFO, INDIVIUDUALLY, et al., ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF MOTION TO DIMISS OF DEFENDANT STEVEN RUFFO, INDIVIDUALLY**

I. STATEMENT OF PROCEDURAL HISTORY

Plaintiff filed the Compliant at issue on or about June 24, 2010. Later on or about September 28, 2010, Plaintiff filed an amended complaint naming Steven Ruffo, individually as a defendant. This present motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6).

II. STATEMENT OF PERTINENT FACTS

Defendant, Steven Ruffo, was president of two business entities which were incorporated under the laws of the State of New Jersey. Steven Ruffo was president of DES Title, Inc., and Default Express Services, Inc. Both companies are no longer in business. The crux of Plaintiff's complaint is fraud and an alleged foreclosure rescue scam.

According to the complaint, Defendant Steven Ruffo, indiviudally was somehow a player in the alleged fraud because he was president of the DES Title, Inc., and a

principal of Default Express Services, however, no where in the complaint are there specific facts that state Steven Ruffo individually acted in any way which may have give rise to a cause of action. Instead, Plaintiff collectively refers to all named defendants in the case as being part of the fraud and scam.

DES Title, Inc. before the company dissolved, was a company that provided title and closing services for residential loans. Default Express Services before the company dissolved was a company that performed a number of real estate related searches.

Plaintiff alleges that Defendant Ruffo is a "rescue defendant". Nothing could be further from the truth. Steven Ruffo, individually had nothing to do with the transactions described in Plaintiff's complaint. The two companies involved, DES Title and Default Express services were involved only to clear title for the transaction at issue. All fees paid to Default Express Services and DES Title were provided well in advance to all parties involved. DES Title, Inc., underwriter approved all fees, the buyer and seller signed affidavits acknowledging the fees. There were no surprises.

Steven Ruffo, individually became aware of a possible lawsuit after speaking with a lawyer for Plaintiff. The lawyer asked Mr. Ruffo to provide information. The information was provided. The calls stopped. Thereafter, Mr. Ruffo became aware of this suit was when his current employer informed him that a process server left an envelope at the New Jersey Law Offices of Phelan Hallinan & Schmieg, LLP; Mr. Ruffo is employed at the Pennsylvania office of Phelan Hallinan & Schmieg, LLP. The process server did not tell the receptionist in New Jersey what the envelope contained. Instead, there was a note attached that stated: "your partners may be interested in this." The New Jersey Office is not an authorized agent to accept service on behalf of Mr. Ruffo.

III.  LEGAL ARGUMENT

The Federal Rules of Civil Procedure require that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, the complaint must set forth facts that raise a "plausible inference" that the defendant inflicted a legally cognizable harm upon the plaintiff. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009).[1]

A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant. Gross v. German Found. Indus. Initiative, 549 F.3d 605, 610 (3d Cir. 2008). Legal conclusions receive no such deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1886). Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently "permit the court to infer more than the mere possibility of misconduct." Iqbal, 129 S. Ct. at 1950. In short, when the well-pleaded complaint does not permit us "to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949).

---

[1] See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (explaining that a plaintiff must "identify facts that are suggestive enough to render [his claim] plausible"); Phillips, 515 F.3d at 234 (stating that "a plaintiff must 'nudge [his or her] claims across the line from conceivable to plausible' in order to survive a motion to dismiss") (citations omitted). Conclusory allegations of liability do not suffice. See Iqbal, 129 S. Ct. at 1950 (opining that the federal pleading standard "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). We must disregard "formulaic recitation of the elements of a cause of action ..." Twombly, 550 U.S. at 555.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint for failure to state a claim upon which relief may be granted. *Fed. R. Civ. P. 12(b)(6)*. The purpose of a 12(b)(6) motion is to test the legal sufficiency of the complaint and to "streamline litigation by dispensing with needless discovery and fact finding." **Neitzke v. Williams**, *490 U.S. 319, 326-27 (1989);* **Holder v. City of Allentown**, *987 F.2d 188, 194 (3rd Cir.1993)*. Therefore, when it appears from the face of the pleading that a plaintiff can prove no set of facts that would entitle him to relief, the court must dismiss plaintiff's claims. *See,* **Hishon v. King & Spalding**, *467 U.S. 69, 73 (1984)*.

Further, a complaint may be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *See* **Odom v. Erie Ins. Exchange**, *2008 U.S. Dist. LEXIS 100303, *2-3 (W.D. Pa. 2008); see also* **Bell Atlantic Corp. v. Twombly**, *550 U.S. 544 (2007);* **Ashcroft v. Iqbal**, *129 S. Ct. 1937, 1953 (May 18, 2009)* (stating that the decision in *Twombly* "expound[s] the pleading standard for 'all civil actions'). Indeed, the United States Supreme Court has equivocally determined that the pleading standard under Federal Rule of Civil Procedure 8 demands more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal, 129 S. Ct. at 1949*. Moreover, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id., citing Twombly, at 557; see also* **Evancho v. Fisher**, *423 F.3d 347, 351 (3d. Cir. 2005) citing* **In**

***Re Burlington Coat Factory Sec. Litig.****, 114 F.3d 1410, 1429-30 (3d. Cir. 1997)* (stating that "a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss").

A summons must be served on a Defendant with a copy of the complaint. FRCP 4(e) provides the guidelines one must adhere to when serving a summons and complaint:

(e) Serving an Individual Within a Judicial District of the United States.
Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
  (2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

As will be explained herein, Plaintiff's Amended Complaint is legally insufficient as to the moving Defendants and Defendant was not properly served with a copy of the summons and complaint. Plaintiff's Counts are vague, generalized as to "Defendants" and instead rely upon sweeping legal conclusions, vague inferences, and unsupported factual assumptions. As such, Plaintiff fails to set forth a short, plain statement showing entitlement to relief against Steven Ruffo, individually as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.

### B.     Plaintiff's Complaint Must Be Dismissed Due To Improper Pleading

Plaintiff's Complaint fails this pleading requirement in most respects as the Counts of the Amended Complaint are populated by sweeping legal conclusions and otherwise unclear and unsubstantiated as to the specific factual allegations asserted against Steven Ruffo, individually.

**i.     Count I (Common Law Fraud), Count II (Conspiracy aiding and abetting), and Count III (Professional Negligence) should be dismissed for failure to state a claim against moving Defendant, Steven Ruffo, individually.**

The charges on the HUD-1 form alleged to be paid to Defendant, Des Title and Default Express Services were fees that were provided to all parties before the sale was consummated; all parties agreed in writing that the fee was acceptable. Steven Ruffo, individually never received direct payment from this alleged fraudulent transaction. In fact, both buyer and seller signed affidavits to reflect that the fee was appropriate.

Plaintiff erroneously attempts to hold Steven Ruffo personally liable without piercing the corporate veil. In New Jersey, to pierce the corporate veil or assert alter ego liability under New Jersey law, a plaintiff must allege two prongs:
(1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and
(2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law. *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171 (3d Cir.2002). Only after a finding of dominance does a court reach the fraud or injustice issue. *Ventron*, 95 N.J. at 501, 472 A.2d 138. Here that is not present, the Plaintiff without any support simply states that Steven Ruffo is individually liable.

When considering whether a unity of interest and ownership exists under the first prong of the doctrine the Third Circuit has applied six informative but not necessarily dispositive factors to guide the inquiry:

[1] gross undercapitalization [2] failure to observe corporate formalities, non-payment of dividends, [3] the insolvency of the debtor corporation at the time, [4] siphoning of funds of the corporation by the dominant stockholder, [5] non-functioning of other officers or directors, absence of corporate records, and [6] the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir.1988). None of these factors are present in Plaintiff's complaint. The two companies DES Title, Inc. and Default Express Services were properly insured business entities at the time this transaction took place. Steven Ruffo, individually had nothing personally to do with the transaction. In closing, Plaintiff's Amended Complaint should be dismissed against the moving Defendants, with prejudice.

C.   **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR IMPROPER SERVICE**

Steven Ruffo, individually became aware of a possible lawsuit after speaking with a lawyer for Plaintiff. The lawyer asked Mr. Ruffo to provide information about the transaction and Mr. Ruffo's company involvement. The information was provided. The calls stopped. Thereafter, Mr. Ruffo became aware of this suit was when his current employer informed him that a process server left an envelope at the New Jersey Law Offices of Phelan Hallinan & Schmieg, LLP; Mr. Ruffo is employed at the Pennsylvania office of Phelan Hallinan & Schmieg, LLP. The process server did not tell the receptionist in New Jersey what the envelope contained. Instead, there was a note

attached that stated: "your partners may be interested in this." The New Jersey Office is not an authorized agent to accept service on behalf of Mr. Ruffo.

Based on the Plaintiff's improper service, Defendant Steven Ruffo, individually requests that this court dismiss Plaintiff's complaint pursuant to Federal Rule 12(b)(5).

IV.   CONCLUSION

For the foregoing reasons, moving Defedant, Steven Ruffo, individually request that Plaintiff's Amended Complaint be dismissed against him pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

STEVEN RUFFO, PRO SE

_____
Steven Ruffo

Dated: November 18, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DANIEL DONNELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil Action No: 1:10-cv-03240 |
| ) | |
| STEVEN RUFFO, INDIVIUDUALLY, et al., ) | |
| ) | |
| Defendant. ) | |

Steven Ruffo, individually and Pro Se certifies that on November 18, 2010 the attached motioin was filed and a copy served upon counsel of record as noted below:

**WEISBERG LAW, P.C.**
MATTHEW B. WEISBERG
ROBERT COCO
7 SOUTH MORTON AVE.
MORTON, PA 19070

_____
Steven Ruffo, Pro Se

Dated: November 18, 2010

